People v Caraway (2020 NY Slip Op 07087)





People v Caraway


2020 NY Slip Op 07087


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-08186
 (Ind. No. 1656/16)

[*1]The People of the State of New York, respondent,
v
Mark Caraway, appellant. Matthew Muraskin, Port Jefferson, NY, for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Guy Arcidiacono, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered June 6, 2018, convicting him of attempted aggravated murder of a police officer, aggravated assault of a police officer, and attempted aggravated assault of a police officer (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of attempted aggravated murder of a police officer (see People v Leftenant, 173 AD3d 1211, 1211).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, he failed to meet his burden of proving the affirmative defense of mental disease or defect by a preponderance of the evidence (see Penal Law §§ 25.00[2], 40.15; cf. People v Hernandez-Beltre, 157 AD3d 814, 816).
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court